Vito J. Titone, J.
Petitioners, Broadmoor Enterprises Corp. and Di-Com Corp., move to vacate a mechanic’s lien filed *121 against the subject premises by the bankrupt respondent, G. L, G. Iron Works Co. (Iron Works).
The respondent lienor (Iron Works) made a general assignment for the benefit of creditors to an attorney, Alfred A. Rosenberg. It was filed on October 31, 1974. The assignment indicated that the business address of Iron Works was 932 Metropolitan Avenue, Brooklyn, New York. On December 17, 1974, an involuntary petition in bankruptcy was filed in the United States District Court against Iron Works, in which it was likewise stated that the business address was located at the same number on Metropolitan Avenue. The petition alleged inter alia that the act of bankruptcy was the filing of the afore-mentioned general assignment. Iron Works was adjudicated a bankrupt on January 30, 1975.
On February 10, 1975, a notice of mechanic’s lien against the subject premises was filed with the County Clerk of Richmond County. It was executed by the president of Iron Works, Mildred Gurian. The notice recited inter alia that the lienor’s address was 932 Metropolitan Avenue, and that the lienor’s attorney was Alfred A. Rosenberg, the person to whom the general assignment had been given. Thereafter, on February 26, 1975, the bankruptcy court appointed its trustee for Iron Works.
In their efforts to vacate the lien, petitioners contend (1) Iron Works did not maintain a business address at Metropolitan Avenue, the location so listed in the notice of lien; (2) at that time, the person listed in the notice as the attorney for Iron Works, was not its attorney; and (3) the president of Iron Works, Mildred Gurian, had no authority on behalf of the corporation to execute and file the subject lien on February 10, 1975, since prior to that time (a) the corporate assets had been transferred to Rosenberg under the general assignment for creditors (Oct. 31, 1974), and (b) a petition for involuntary bankruptcy had been filed (Dec. 17, 1974), and an adjudication rendered that Iron Works was bankrupt (Jan. 30, 1975). The petitioners further assert under the last point that after the filing of the involuntary petition and the adjudication of bankruptcy, the trustee in bankruptcy, and not the president of Iron Works, had the sole power to file the notice of lien against the subject property.
The court, after hearing, disagrees with petitioners’ assertions that the address set forth in the notice of lien, to wit, 932 Metropolitan Avenue, was not respondent’s business ad *122 dress, and Rosenberg was not its attorney in the preparation, execution and filing of such instrument. The evidence adduced at the hearing revealed that Iron Works had conducted its operations exclusively at the subject site for many years before it ran into financial difficulty. Evidence was also adduced that even though the respondent has shut down operations at the Metropolitan Avenue address, mail is still received there and then forwarded to the attorney for the trustee in bankruptcy. The fact that a certified piece of mail sent by petitioners’ attorneys could not be delivered to the respondent at a time when no business was being conducted at Metropolitan Avenue is insignificant. It seems obvious that since operations were dormant at that time, in all likelihood no one would be present on the site to sign for such item when brought for delivery.
The court is also satisfied that Rosenberg was the attorney for Iron Works at the time the instrument was prepared and filed. The testimony of the respondent’s president, Mrs. Gurian, indicates that at the time she considered Rosenberg to be representing Iron Works in the preparation, execution and filing of the notice of lien.
The court likewise rejects the contention that the filing of the lien by the president of Iron Works after bankruptcy proceedings were instituted was without authority and thus void and invalid as to the petitioners. With respect to petitioners’ claim that only the assignee for the benefit of creditors had such right after the involuntary bankruptcy application was filed, but before the trustee was appointed, it should be noted that a general assignment for the benefit of creditors made within four months of the filing of the bankruptcy petition, is, by law, an act of bankruptcy (US Code, tit 11, § 21). Upon the filing of such petition within the four-month period, property held by the assignee under the assignment is deemed to be held by the assignee as agent for the bankrupt (US Code, tit 11, § 110, subd [a], par [8]); upon the qualification of the trustee, the latter does not take title as the successor of the assignee but as the successor of the bankrupt (Matter of Neuburger,. Inc., 240 F 947; 1 Collier, Bankruptcy, par 2.78); and the assignee may not take any action in the administration of the estate after the filing of bankruptcy without first obtaining authorization therefor from the bankruptcy court (US Code, tit 11, § 109, subd [d]).
Thus, in view of the fact that the filing of the bankruptcy *123 petition within the four-month period relegated the assignee to the status of a mere naked bailee for creditors, and an agent for the bankrupt, it follows that after such filing he was totally devoid of any inherent power either to institute or prosecute any claims or file a lien on behalf of the bankrupt’s estate (cf Matter of McCrum, 214 F 207; 1 Collier, Bankruptcy, par 2.78, supra).
Assuming, therefore, that the assignee for the benefit of creditors possessed no inherent authority to take steps to preserve and augment the bankrupt’s estate during the hiatus between the filing of the bankruptcy petition and the appointment of a trustee, and evidently he had no intention of seeking permission from the bankruptcy court to act on behalf of the bankrupt estate, the question remaining is who had such authority during that period. In that event, petitioners intimate that only the trustee in bankruptcy was empowered during the hiatus to file the subject notice óf lien. The court disagrees.
The fallacy of the petitioners’ position is evidenced by the fact that the trustee in bankruptcy was not appointed until February 26, 1975, or some 16 days after the filing of the subject lien on February 10, 1975. It is true, as petitioners indicate, that upon the adjudication of bankruptcy (Jan. 30, 1975), title to the bankrupt’s assets vested in the trustee as of the date of the filing of the petition (Dec. 17, 1974), even though he was not appointed until February 26, 1975 (US Code, tit 11, § 110, subd [a]). Patently, however, the purpose of conferring such authority nunc pro tunc in the trustee is to preserve and possibly augment the bankrupt’s assets for the benefit of creditors, and not, assuming petitioners’ contention were adopted, to defeat claims through inaction that might arise or be in existence during the interval between the filing of the bankruptcy petition and the appointment of the trustee (see Johnson v Collier, 222 US 538, 539).
The law is settled that while the filing of the petition operates in the nature of an attachment upon the bankrupt’s assets, his title is still not divested until the election, qualification and appointment of the trustee. Until such procedures are consummated, the bankrupt has defeasible title sufficient to authorize the institution and maintenance of a suit or the filing of any claim possessed by him (Johnson v Collier, supra; Danciger & Emerich Oil Co. v Smith, 276 US 542; Rand v Iowa Central Ry. Co., 186 NY 58). A trustee in bankruptcy, *124 once appointed, being in a position to take control of a claim or litigation, has a right to make a choice of permitting the litigation or claim to continue without intervening in it, of making a new claim or starting a new suit, or of causing either or both to be abated, whichever is most advantageous to the estate (Meyer v Fleming, 327 US 161).
Accordingly, the court is of the opinion that during the hiatus between the filing of the petition in bankruptcy, and the appointment of the trustee, the president of respondent corporation had not only the authority, but the duty, to file a mechanic’s lien against the subject property. Therefore, the within motion to vacate the mechanic’s lien is denied, and the petition is dismissed with costs to the respondent.