**In the Matter of OFTY CORPORATION, a Delaware corporation, Debtor.**

**Bankruptcy No. 84–292.**

United States Bankruptcy Court,
D. Delaware.

Nov. 13, 1984.

---

**6.** This is sometimes referred to as being "hoisted on your own petard".

Eduard F. von Wettberg, III, Wilmington, Del., for debtor.

Josiah Lyman, Washington, D.C., Committee of Mildred O. Brooke, Mental Health Patient.

Michael F. Curtin, Washington, D.C., Receiver.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Michael F. Curtin ("Receiver") the Receiver appointed by the United States District Court for the District of Columbia in the case of *Lyman v. Spain, et al.,* CA 78–0847, filed a motion in Ofty Corporation's Chapter 11 proceeding seeking (1) dismissal of the petition *or* (2) transfer of venue *or* (3) appointment of a trustee. Josiah Lyman, Committee of Mildred O. Brooke, has joined in favor and support of the Receiver's motion.

Ofty Corporation is a Delaware corporation with its principal place of business in the District of Columbia ("D.C."). Since 1923 Ofty's business has been the ownership, rental and management of real estate located in D.C. and known as the Ofty Building and the Hahn Building. Ofty is a closely held corporation whose issued and outstanding shares are held by the following three related individuals: Mildred O. Brooke (39.7%); her sister Anita O. Spain (32.6%); Mrs. Spain's daughter Delores S. Montgomery (27.7%). Since 1966 Spain and Montgomery have been the majority directors and sole officers of the corporation. Brooke has not served in any capacity, having been a ward of the court since the District Court declared her incompetent in 1948.

The controversy that ultimately led to the appointment of a receiver to liquidate Ofty's assets began in 1966 with the inquiry of an Auditor-Master of the District Court into the lack of return evidenced on

Brooke's 39.7% interest in the Ofty Corporation. The Auditor-Master concluded that Brooke's interest was not being protected by the officers of the corporation and that the minimal return was caused by the excessive administrative expenses paid to Spain and Montgomery. In 1978 Lyman, as Committee for Brooke, brought suit against Spain and Montgomery, both individually and in their corporate capacity, and Ofty Corporation to protect Brooke's interest in Ofty.

Judge Penn's Findings of Fact and Conclusions of Law filed August 13, 1983, in the *Lyman v. Spain* case was attached to the Receiver's motion as Exhibit B. Judge Penn found that the majority shareholders have shown a pattern of self-benefitting at the expense of Brooke by paying from corporate assets excessive salaries, directors' fees, apartment rent, automobile expenses, legal expenses, personal expenses of Spain's son and grandson and other expenses totalling 39% of gross rents. A professional management firm would undertake management duties for 6%. Judge Penn determined that the corporate veil should be pierced and the Receiver was appointed to liquidate the assets of the corporation. (Findings of Fact, p. 18).

Despite his findings, Judge Penn delayed entry of a final order to enable the parties to negotiate an agreement insuring that Brooke would receive her fair share of income earned by the corporation in light of the fact that liquidation was not in either party's best interests. The parties failed to reach such an agreement and the final order was entered August 11, 1984. The Receiver posted a surety bond and began to take control of Ofty's assets and records in order to liquidate them. Ofty appealed Judge Penn's Final Order and filed a Chapter 11 petition in the bankruptcy court in Delaware. Ofty has filed its schedules and statement of affairs and the meeting of creditors was held. A plan was filed on October 30, 1984.

Ofty argues that the Receiver's motion should be denied for lack of standing because a motion to dismiss, transfer venue or appoint a trustee must be made by a party in interest. 11 U.S.C. §§ 1104, 1109, 1112(b). Ofty contends that the Receiver does not qualify as a real party in interest.

The capacity of a Receiver appointed by a Federal court to sue or be sued is governed by 28 U.S.C. §§ 754 and 959(a). Fed. R.Civ.P. 17(b). (Fed.R.Civ.P. 17 is made applicable to bankruptcy proceedings by Bankruptcy Rule 7017). A receiver appointed in a civil action involving real property is vested with control of the property with the right to take possession, after posting bond, and has the capacity to sue in any district without ancillary appointment. 28 U.S.C. § 754.

Ofty argues that a Receiver's lack of standing is evidenced by his obligation to deliver to the trustee (or debtor-in-possession) any property or rights he has in his custody or control. 11 U.S.C. § 543. However, § 543(d) provides that the court may excuse compliance with subsections a, b and c requiring turnover if the interests of creditors and equity security holders will be better served by permitting the receiver to continue in possession, custody or control of the property. § 543(d)(1).

■ The issue of who should retain control of Ofty's assets, the Receiver or debtor-in-possession, is basically the issue the court must decide in determining whether to dismiss the petition. An entity may be real party in interest and have standing in one respect while he may lack standing for another purpose. J. Moore, *Moore's Federal Practice,* 17.07, p. 17–65 (2d ed. 1984).

■ Under the facts of this case the Receiver has standing to seek dismissal, transfer of venue or appointment of a trustee. He was appointed Receiver to liquidate Ofty's assets by the District Court after the majority shareholders were found to have exercised bad faith in the management of Ofty Corporation to the detriment of the minority shareholder, Miss Brooke. As Receiver he has obligations to fulfill. The filing of the petition stayed his ability to carry out his duties as Receiver and puts back in control of Ofty the same individuals

who the District Court Judge determined were mismanaging the corporation. Where the petition has been filed to allegedly end-run Judge Penn's liquidation order, the Receiver has a sufficient interest to qualify him as a real party in interest with standing for purposes of this proceeding.

■ In addition Lyman, as Committee, is charged with protecting Brooke's interest in Ofty and is a party in interest in these proceedings. He has joined in the Receiver's motion. Joinder of a real party in interest has the same effect as if the motion had been made in the name of the real party in interest. Fed.R.Civ.P. 17(a). Therefore, even if the Receiver was determined not be a real party in interest, Lyman's joinder saves the motion. Ofty's argument that the motion must be denied for lack of standing is not persuasive.

The Receiver contends that dismissal of Ofty's case is authorized by 11 U.S.C. §§ 1112(b) and 305. Ofty argues that the case was filed in good faith and therefore should not be dismissed.

■ Ofty's petition was filed shortly after the entry of the final decree in an apparent attempt to avoid liquidation. The filing of a petition to avoid liquidation does not always constitute grounds for dismissal. Nor does the existence of a receivership prevent a corporation from filing a petition in bankruptcy. However, the specific complaint and the action taken in the D.C. court proceeding must be considered. The Third Circuit Court of Appeals has held that where the circumstances indicate that persons have wilfully misconducted a corporate enterprise, bankruptcy courts may refuse to permit them to use the bankruptcy system to create a situation more favorable to their interests than the receivership already established. *In re Distillers Factors Corp.*, 187 F.2d 685, 689 (3d Cir.), cert. denied, 342 U.S. 824, 72 S.Ct. 45, 96 L.Ed. 623 (1951); citing *Zeitinger v. Hargadine-McEittrick Dry Goods Co.*, 244 F. 719 (8th Cir.1917). The court noted that careful scrutiny is particularly important where the corporation attempts an arrangement in which, like a Chapter 11 reorgani-

zation, the initiative and influence of management are substantial. *Id.* at 690.

■ In this case the Receiver was appointed to liquidate the assets of the corporation when the parties failed to reach an agreement providing fair treatment of Brooke in the future and reimbursement for dividends that should have been declared in the past. The District Court found that the directors of Ofty, Spain and Montgomery, breached their fiduciary duties to the minority shareholder Brooke and to the corporation, abused their trust, wasted assets and mismanaged the corporation and exercised bad faith. (Findings of Fact, p. 18). They now seek the protection of the bankruptcy system to enable them to cash out the minority shareholder and avoid the liquidation order by Judge Penn.

Ofty's schedules and statements show that its assets greatly exceed its liabilities. The majority of creditors listed are not outside creditors. It does not appear that Ofty is a financially troubled debtor attempting to reorganize its business. It is clear that the sole purpose of the filing was to circumvent the effect of the District Court order entered to resolve years of dispute which the parties could not resolve among themselves. The motion to dismiss must be granted.

■ But for dismissal of the case, the motion to transfer venue under 28 U.S.C. § 1475, now 28 U.S.C. § 1412 would be granted. The interests of justice and convenience of the parties would be better served if the petition had been filed in the District of Columbia. The creditors, the debtor, the debtor's assets and any witnesses are in the District of Columbia or its immediate vicinity. These factors weigh heavily in favor of transfer despite the fact that a debtor's choice of forum should generally not be disturbed. *In re Trim-Lean Meat Products, Inc.*, 11 B.R. 1010 (D.Del. 1981). Debtor's only contact with Delaware is its incorporation under Delaware law. The estate could be more economical-

ly and efficiently administered in the bankruptcy court for D.C.

In light of the ruling on the motion to dismiss or transfer venue, it would be inappropriate for this court to appoint a trustee.