**In re SHERWOOD ENTERPRISES, INC., Debtor.**

**In re CHARLIE SHERWOOD CRYER, INC., Debtor.**

**In re GENE'S ENTERPRISES, INC., Debtor.**

**In re GILLEY'S ENTERPRISES, INC., Debtor.**

**In re GILLEY'S PUBLICATIONS, a partnership Debtor.**

**Bankruptcy Nos. 88–06969–H3–11, 88–06970–H2–11, 88–06971–H4–11, 88–07006–H2–11 and 88–07007–H3–11.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Jan. 27, 1989.

Ted Widmer, Houston, Tex., for debtors/defendants.

Daniel H. Johnston, Jr., Baker, Brown, Sharman & Parker, Houston, Tex., for Mickey Gilley.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

On October 11, 1988 came on for hearing the Motion for Abstention or Dismissal filed by Mickey Gilley, a party in interest in the above styled bankruptcy proceedings.

After review of the evidence and relevant case law, and the pleadings and files in these cases through time of hearing, of which this court takes judicial notice, the court enters the following Order of Dismissal in four of the above bankruptcy cases.

To the extent any findings of fact herein are construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law herein are construed to be findings of fact, they are hereby adopted as such.

### I. *Factual Background*

In 1987, Mickey Gilley, a nationally known country and western entertainer, filed suit in state district court against Charlie Sherwood Cryer; Gilley's Enterprises, Inc.; Gene's Enterprises, Inc.; Sherwood Management, Inc.; Sherwood Enterprises, Inc. and Gerard Willrich. The causes of action in this lawsuit against Cryer, Willrich and the various corporate entities were based upon allegations of mismanagement of funds, breach of fiduciary duty, failure to report assets, improper

loans and other acts of affirmative dishonesty. The suit was for an accounting and damages.

Gilley and Cryer had been involved in a business relationship for a number of years prior to the filing of the lawsuit. It began with a management contract between Gilley and Cryer in 1973 and extended to a number of partnerships and other business ventures in which the two were involved together, such as promotion of live entertainment, operation of Gilley's Club in Pasadena Texas, and operation of a number of retail businesses. Most of these were predicated on the name and reputation of Mickey Gilley.

On August 3, 1988 a judgment was rendered on the verdict of the jury in the state court case filed by Mickey Gilley. The judgment awarded approximately $17 million dollars in damages to Gilley based upon findings of breach of fiduciary duty by Cryer and Willrich in connection with their failure to report sales, payment by Cryer of invalid expenses from entities jointly owned by Cryer and Gilley for his personal benefit, and improper loans from jointly owned enterprises to Cryer. The jury also found that the breaches of fiduciary duty by Cryer were willful or in reckless disregard of the rights of Mickey Gilley. The jury found that neither Mickey Gilley nor his wife had misappropriated funds from any of the jointly owned enterprises.

In addition to the award of damages, the August 3, 1988 judgment appointed an auditor to make a determination of the status of the accounts of the entities jointly owned by Cryer and Gilley from 1985 to the present. The judgment also appointed Michael J. Wood as receiver for the jointly owned corporations and the Gilley Publications partnership to manage the affairs, pay all debts and wind up the jointly owned corporations and partnership. Pursuant to the August 3, 1988 judgment, Wood began his duties as receiver by posting a $100,-000.00 bond and attempting to gain possession of the inventory and cash of the entities subject to the judgment. No superse-deas bond has been posted by the defendants in the state court proceeding.

On August 19, 1988 Cryer individually filed his Chapter 11 petition and a voluntary Chapter 11 petition signed by Sherwood Cryer was filed on behalf of Sherwood Enterprises, Inc. The Chapter 11 voluntary petition of Gene's Enterprises, Inc. was filed on August 19, 1988 by Evon E. Cryer. Involuntary petitions were filed by Sherwood Cryer as the petitioning creditor against Gilley's Enterprises, Inc. and as petitioning partner against Gilley's Publications. On August 24, 1988 Mickey Gilley filed this Motion for abstention pursuant to 11 U.S.C. § 305 or in the alternative dismissal pursuant to 11 U.S.C. § 1112(b). On August 29, 1988 these cases were, without objection, ordered jointly administered.

## II. *Discussion of Issues and Conclusions of Law*

A. Abstention Pursuant to 11 U.S.C. § 305.

Pursuant to 11 U.S.C. § 305 and B.R. 5011 the bankruptcy court may recommend to the District Court abstention from the exercise of jurisdiction. The decision to abstain is subsequently unreviewable. 11 U.S.C. § 305(c). It is a matter of discretion. See *In re Central Mortgage & Trust, Inc.*, 50 B.R. 1010 (S.D.Tex.1985). The burden of proof is upon the party seeking abstention and it is substantial. *Matter of Condominium Association of Plaza Towers South*, 43 B.R. 18 (Bankr.S. D.Fla.1984). The party seeking abstention must show that the interests of both debtors and creditors are better served by the court's voluntary decline of the exercise of jurisdiction over the case. *Farmer v. First Virginia Bank of Fairfax County*, 22 B.R. 488 (Bankr.E.D.Va.1982).

Generally abstention pursuant to 11 U.S.C. § 305 will not be appropriate unless the party seeking abstention can meet its burden of proof as to the following three requirements. The movant must show that the petition was filed by a few recalcitrant creditors and that most creditors oppose the bankruptcy, that there is a state insolvency proceeding or an out-of-court arrangement pending, and that dismissal pur-

suant to 11 U.S.C. § 305 is in the best interest of the Debtor and all creditors. *In re RAI Marketing Services*, 20 B.R. 943 (Bankr.D.Kan.1982).

█ Although the movant here has established that abstention pursuant to 11 U.S.C. § 305 is in the best interest of the largest creditor, himself, Gilley has failed to establish that an exercise of a nonappealable decline of jurisdiction by the court in this case is in the best interest of the Debtors or the few additional creditors. This court does not here determine that a decline of jurisdiction of these cases will never be appropriate. But, given the evidence presented at the hearing on this matter, a decision to abstain from jurisdiction over all of these cases is not warranted at this time.

B. Dismissal Pursuant to 11 U.S.C. § 1112(b).

The movant, Gilley, argues that all of the cases should be dismissed "for cause" under 11 U.S.C. § 1112(b) on the basis that the petitions were filed in bad faith.

█ Under 11 U.S.C. § 1112(b) the court has wide discretion to make an appropriate disposition of a case upon the request of a party in interest. *See,* 11 U.S.C. § 1112, House Report (1978 Act). Good faith upon filing of a petition is not an enumerated requirement of the Bankruptcy Code. It is, however, an implied requirement which has been repeatedly emphasized by courts. *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393 (11th Cir.1988). *Matter of Little Creek Development*, 779 F.2d 1068 (5th Cir.1986); *In re Business Information Company, Inc.*, 81 B.R. 382 (Bankr.W.D.Pa.1988); *In re Karum Group*, 66 B.R. 436 (Bankr.W.D.Wash. 1986); *In re Smith*, 58 B.R. 448 (Bankr.W. D.Ky.1986). This court has previously held that a debtor's filing of a Chapter 11 petition in lieu of posting a supersedeas bond, where there is little likelihood of reorganization, the dispute is primarily between two parties and when the debtor has the ability to pay debts, is in bad faith. *In re Davis*, 93 B.R. 501 (Bankr.S.D.Tex.1987).

The Fifth Circuit in *Little Creek Development, supra,* discussed at length the implicit good faith requirement for filing. The Court stated that the good faith standard, "... furthers the balancing process between the interests of debtors and creditors ...," and is "... necessary to legitimize the delay and costs imposed upon parties to a bankruptcy...." The court went on to reason that the good faith standard prevents abuse of the bankruptcy process by debtors that lack a real possibility of reorganization, who are only attempting to delay creditors. Finally, the court reasoned that an implied good faith standard functions to protect the jurisdictional integrity of the bankruptcy court by keeping the powerful equitable tools of the court out of the reach of debtors or creditors with unclean hands.

The Court in *Little Creek Development* set forth a number of factors which in various combinations are likely to be found in a case lacking the element of good faith in filing. Some of these factors are as follows: the debtor has one asset which is encumbered by the liens of secured creditors, the debtor has no employees except the principals and there is little to no cash flow, the debtor has no available sources of income to sustain a plan or to make adequate protection payments, there are only a few unsecured creditors in the case with relatively small claims, the property has been posted for arrearages on debt or the debtor has been unsuccessful at avoiding foreclosure in state court, the debtor and one creditor are at a standstill in state court proceedings, the debtor has lost at the state court trial level and is unable to post an appellate bond, bankruptcy is the only means by which the debtor could avoid foreclosure, and there are allegations of wrongdoing against the debtor. *Id.* at 1069.

Many of the above factors are present in each of the five related cases before the court. First, each of the cases was filed within sixteen days of the state court judgment and before any supersedeas bond was filed. The court finds the cases were filed *inter alia,* to avoid the imposition and effect of the state court judgment on the

debtor entities. This fact, in itself, is not sufficient to sustain a dismissal pursuant to 11 U.S.C. § 1112(b) for bad faith. *In re Holm,* 75 B.R. 86 (Bankr.N.D.Cal.1987). However, it is indicative of bad faith where a number of the other *Little Creek Development* factors are also present. Some of the other factors common to all of the cases are: The dispute is essentially a two-party dispute between Sherwood Cryer and the corporate or partnership Debtors on the one hand and Mickey Gilley on the other. No supersedeas bond has been posted by the defendants in the state court proceeding. They filed bankruptcy instead. The bankruptcy cases were filed before the state-court-appointed receiver could comply with the state court turn-over order which would have permitted him to liquidate certain assets of the Debtors in satisfaction of the state court judgment.

The testimony of Cryer reveals that his primary motivation in filing both his individual bankruptcy and the corporate and partnership bankruptcies that he filed was to have another chance at litigating the matters which were tried in the state court lawsuit, as he felt that he was the recipient of a "bad deal on the trial." Other factors specific to individual cases are analyzed below.

With regard to Sherwood Cryer's personal bankruptcy, his testimony indicated that he had no plan for repayment of his creditors. He went on to say that any plan would require payment out of Sherwood Enterprises, one of the other Debtor entities. Cryer's schedules reveal that his only personal assets are $2,500.00 in cash, clothes and jewelry, stock in partnerships and corporations, shown with "value unknown," and $700,000.00 worth of notes receivable in closely held companies. He scheduled no real property. His total scheduled debt of $17,780,000.00 is comprised in large part of the seventeen million dollar Gilley judgment and $230,000.00 of fees owed to attorneys. (It has not been established whether the attorneys' fees were products of the Gilley state court litigation.)

Cryer's schedules indicate the existence of a substantial question as to the ability of this Debtor to reorganize effectively under the Code. Cryer's only assets which might fund a Chapter 11 plan are the stock of unknown value in partnerships and corporations, and the accounts receivable in closely held corporations. There was no evidence presented at the hearing regarding the value of this stock or its potential liquidity for purposes of a Chapter 11 plan. There was no evidence produced at the hearing regarding the nature of Cryer's claim to these accounts receivable and whether they are collectible. It is questionable whether uncollected notes receivable, even if they were as substantial as the debts, would be sufficient assets to permit the Debtor to successfully reorganize. *In re H & S Transport Co., Inc.* 55 B.R. 786 (Bankr.M.D.Tenn.1982). However, the uncollected accounts receivable shown by Debtor are approximately $700,000.00, and the Debts in excess of $17,000,000.00.

In the case of the individual Debtor, Sherwood Cryer, it is not possible to determine from the schedules on file in the case, the testimony at the hearing, and the documentary evidence, whether this Debtor is insolvent, or whether there is any potential for reorganization.

While Cryer may well have filed this bankruptcy primarily to avoid the state court money judgment, and may realistically have no ability to reorganize, he may, as an individual, be much in need of the relief bankruptcy affords. The disproportion between the assets and liabilities of Debtor, and the other factors discussed above, are such as to indicate a strong likelihood that this Debtor should be in Chapter 7 if he is to remain in bankruptcy. However, dismissal of the Chapter 11 of an individual is a harsh remedy for failure to file initially in Chapter 7. The court finds that the evidence is insufficient to support a finding of bad faith under 11 U.S.C. § 1112 as cause for dismissal of this individual Chapter 11.

Sherwood Enterprises, Inc. and Gene's Enterprises, Inc. are both voluntary Chapter 11 cases. Both of these entities are corporations and are subject to the imposi-

tion of the state court receiver as a result of the state court judgment.

Sherwood Enterprises, Inc. operates drive-in convenience stores, and owns the land and improvements where Gilley's Club is located. Under the state court judgment the Debtor is to continue management of the business subject to the receiver's control over inventory, cash and accounts receivable.

The operating statement of Sherwood Enterprises for August, 1988 indicates that at time of filing it was operating with a positive cash flow. Its total liabilities are scheduled at $3,102,361.00 and its total assets are scheduled at $4,419,440.00.

Sherwood Enterprises, Inc. is wholly owned by Sherwood Cryer. Some of its assets may eventually be subject to the judgment liability of Cryer, although it is not directly liable for the damages to Gilley. This entity is not insolvent and has a substantial asset surplus. It is involved in what is essentially a two-party dispute between Sherwood Cryer and Gilley. Sherwood Cryer and this debtor corporation failed to post a supersedeas bond. Sherwood Cryer testified he wants another chance at litigating matters already the subject of a state court judgment entered sixteen days before he put this entity, as well as himself and various other entities affected by the state court judgment, in bankruptcy. The court finds that this combination of factors establishes a prima facie case of bad faith filing. See *In re Universal Clearing House Co.*, 60 B.R. 985, 994 (D.Utah 1986). Once such a prima facie case has been established, the debtor then has the burden of proof in showing that the filing was in good faith. *Matter of Century City*, 8 B.R. 25, 30 (Bankr.D.N.J.1980). Debtor has failed to meet this burden. This Debtor has sufficient assets and cash flow to meet its obligations, and has shown no valid reason for being in bankruptcy. The court finds that the Debtor in filing its Chapter 11 petition through Cryer, has filed to retain in Cryer control over the assets, cash and inventory which were subject to the receivership put in place by the state court. The petitioning officer of this debtor entity (Cryer) has been found by the state court to have breached his fiduciary duty and misappropriated funds, and is, by filing this Chapter 11, seeking to retain control of the entity, in defiance of the state court appointment of a receiver. See *Matter of Ofty Corp.*, 44 B.R. 479 (Bankr. Del.1984).

The court concludes that the bankruptcy process has been used as a litigation tactic in what is essentially a two-party dispute. Dismissal of the petition of Sherwood Enterprises, Inc. is thus appropriate on the basis of a lack of good faith in the filing of the case pursuant to 11 U.S.C. § 1112(b). See *In re Chemical Research and Licensing*, Case No. 85–00210–H1–5, U.S. District Court, Southern District of Texas, Opinion of Edith H. Jones sitting by designation, June 9, 1987.

Gene's Enterprises, Inc. operates Gilley's Club. Under the state court judgment the business is to be continued under Debtor's management subject to control of the receiver of the inventory, cash and accounts receivable.

Gene's Enterprises, Inc. reflects a scheduled liability of $393,517.00 and scheduled assets of $775,828.00 (Docket No. 17). The case operating report on file for this entity shows a positive cash balance in the month of filing, August, 1988.

Sherwood Cryer testified that the stock of Gene's Enterprises, Inc. was owned wholly by his brother, Evon Eugene ("Gene") Cryer, and that he did not own any of its stock. This statement is contradicted by the petition on file in the case which states that Sherwood Cryer owns twenty percent of the stock of the corporation.

This entity is not subject to the seventeen million dollar judgment debt against Cryer. Debtor's petition was signed by "Evon E. Cryer," but was filed on the same date as and by the same attorney as was Sherwood Cryer's personal bankruptcy and the other three related entities on which Sherwood Cryer signed petitions.

In attacking the Debtor's good faith in filing, movant must establish a prima facie case, after which the Debtor has the bur-

den of proving that the petition was filed in good faith. *Matter of Century City, Inc., supra; In re Universal Clearing House, supra.*

Considering the Debtor's schedules, showing assets almost twice as large as liabilities, and the Debtor's positive cash flow as of August, 1988, the Debtor's filing bankruptcy within sixteen days after a state court judgment, which had the effect of staying proceedings without posting a supersedeas bond; the essentially two-party nature of the dispute in which the Debtor is involved, between on the one hand Sherwood Cryer and/or his brother, and on the other Gilley, and the Debtor's apparent ability to meet all its economic expenses, the movant has established a prima facie showing of lack of good faith. The Debtor has failed to meet its burden of proof in showing any sufficient good faith basis for the bankruptcy filing.

This court concludes that the Chapter 11 petition was filed by Evon E. Cryer in order to wrest control of the assets, cash and inventory away from the receiver appointed by the state court, and to avoid the cost of filing a supersedeas bond and proceeding through the state court appellate process.

Use of the bankruptcy process as a litigation tactic is abuse of the reorganization process constituting a lack of good faith in filing which warrants dismissal. *In re HBA East, Inc.*, 87 B.R. 248 (Bankr.E.D.N.Y.1988). Dismissal of the petition of Gene's Enterprises, Inc. is warranted pursuant to 11 U.S.C. § 1112(b). See also *In re Chemical Research and Licensing, supra,* and cases cited therein p. 8.

The last two Debtor entities, Gilley's Enterprises, Inc. and Gilley's Publications, were filed as involuntary Chapter 11 cases by Cryer. These two entities are owned equally by Gilley and Cryer.

Gilley's Enterprises, Inc. owns and operates the western store located in the Gilley's Club. It also owns income producing real estate and retail stores in Nashville, Tennessee and certain recording equipment located at Gilley's Club. With respect to this entity, the receiver, pursuant to the state court judgment, was to manage the affairs of the entity, pay all debts, wind up the affairs of the entity and distribute the assets to the owners. Gilley's Enterprises, Inc. is essentially to be liquidated by the receiver. The amended Final Judgment in the state court proceeding is dated August 3, 1988. Sixteen days later this bankruptcy was filed.

Gilley's Enterprises, Inc. was put in involuntary bankruptcy by Sherwood Cryer as a petitioning creditor. Cryer is a fifty percent owner of this entity as well as claiming the status of a petitioning creditor. His attorney for purposes of this filing is the same attorney as the attorney who filed his personal bankruptcy, and that of the three other related entities addressed herein, all on August 19, 1988. He made no representations at time of filing as to how many creditors this entity has, but filed through only one petitioning creditor, himself. He thus implies fewer than twelve creditors. See 11 U.S.C. § 303. No schedules have been filed identifying the assets and liabilities, notwithstanding that the Debtor is obligated to file such schedules, B.R. 1007, and Sherwood Cryer is a fifty percent owner of Debtor and the instigator of this bankruptcy. The petitioning creditor of this debtor entity (Cryer) has been found by the state court to have breached his fiduciary duty and misappropriated funds, and is, by filing this Chapter 11, seeking to retain control of the entity, in defiance of the state court appointment of a receiver. See *Matter of Ofty Corp.*, 44 B.R. 479 (Bankr.Del.1984).

Involuntary petitions are subject to the good faith inquiry. *In re G–2 Realty Trust,* 6 B.R. 549, 552, 553 (Bankr.Mass. 1980). The elements addressed above establish a prima facie showing of bad faith filing. The burden of proof is then Debtor's to show good faith. *Matter of Century City, supra; In re Universal Clearing House, supra.* Debtor has failed to meet this burden.

Gilley's Publications is stated by Cryer in the involuntary petition, filed August 19, 1988, to be a partnership. It operates the recording equipment located at the record-

ing studio of Gilley's Enterprises, Inc., according to Sherwood Cryer's testimony. It is subject to the receivership in the same manner as is Gilley's Enterprises, Inc., according to the state court judgment. It was put in involuntary bankruptcy by Sherwood Cryer as one of the partners.

This involuntary petition was instigated by Sherwood Cryer on the same date as and through the same attorney that was used for his personal bankruptcy and the three other related entities addressed herein. It was filed within sixteen days of the state court judgment providing for appointment of a receiver. It is not by the terms of the state court judgment made directly liable in money damages to Gilley, although Sherwood Cryer's partnership interest may be so liable.

No schedules have been filed although Debtor is obligated to do so, B.R. 1007, and petitioner is a fifty percent partner in Debtor and the instigator of this bankruptcy.

This entity was put in bankruptcy as a move in what is essentially a two-party dispute between Sherwood Cryer and Mickey Gilley, to avoid the state court judgment appointing a receiver. The petitioning partner of this debtor entity (Cryer) has been found by the state court to have breached his fiduciary duty and misappropriated funds, and is, by filing this Chapter 11, seeking to retain control of the entity, in defiance of the state court appointment of a receiver. See *Matter of Ofty Corp.*, 44 B.R. 479 (Bankr.Del.1984).

Involuntary petitions are subject to the good faith requirement. See *In re G-2 Realty, supra.* The court finds that the above elements combined make a prima facie showing of bad faith filing. The burden of proof then shifts to debtor to make a showing of good faith. *Matter of Century City, supra; In re Universal Clearing House, supra.* Debtor has failed to meet this burden.

Additionally, in support of dismissal under 11 U.S.C. § 1112(b) as to each of the corporations and the partnership, is the consideration of economy of administration and preservation of assets for the benefit of the creditors. To subject the creditors

in the cases to additional expenditures of funds in the process of the reorganization of these companies where reorganization is doubtful at best and potentially unnecessary; and where there is an adequate state court receivership already in place would be an unnecessary expense.

As to all four corporate and partnership debtor entities, their business is primarily cash operated and cash generating. The need for honest and effective management by the principals of the Debtors is thus particularly critical. A state court jury has found Sherwood Cryer in violation of his fiduciary duties in his operation of the Debtor entities. A money judgment was rendered upon the jury verdict in state court and a receiver was put into place by Judge West to redress the wrongs found caused by Cryer and to potentially remedy the situation. Principles of comity support a decision not to disrupt the state court receivership as imposed by the judgment of Judge David West. *See, DeSpain v. Johnston,* 731 F.2d 1171 (5th Cir.1984).

To allow the corporate and partnership Debtors in the Chapter 11 cases before the court to remain "clothed" in the protection of the Bankruptcy Code under such circumstances would be in contravention of the principles of good faith as implied in the Code, and would serve to condone an abuse of the reorganization process.

Accordingly, the Chapter 11 petitions of the above-styled corporate and partnership Debtors, are hereby DISMISSED for the reasons stated above. The petition of the individual Debtor, Sherwood Cryer, will be retained.

The cases which are the subject of this opinion will be the subjects of separate judgments of dismissal.