**In re NORTHGATE TERRACE APARTMENTS, LTD., Debtor.**

Bankruptcy Nos. 2–90–00217, 59–2373860.

United States Bankruptcy Court, S.D. Ohio, E.D.

June 4, 1990.

Drew T. Parobek, Vorys, Sater, Seymour & Pease, Columbus, Ohio, for Goldome.

Thomas I. Blackburn, Denmead, Blackburn & Willard, Columbus, Ohio, for debtor.

Jay Alix, Southfield, Mich., Chapter 11 Trustee.

Michael L. Cook, Sally M. Henry, Skadden, Arps, Slate, Meagher & Flom, New York City, Gen. Counsel, Marilyn Shea–Stonum, Jones, Day, Reavis & Pogue, Columbus, Ohio, Sp. Counsel, to trustee.

**330**

Charles M. Caldwell, Asst. U.S. Trustee, Columbus, Ohio, Columbus Office of the U.S. Trustee, for Region IX.

Lori Lapin Jones, Dewey, Ballantine, Bushby, Palmer & Wood, New York City, and Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, Ohio, for Official Committee of Unsecured Creditors of Cardinal Industries, Inc.

P. Steven Kratsch, Kilpatrick & Cody, Atlanta, Ga., for Official Committee of Unsecured Creditors of Cardinal Industries of Florida, Inc.

Harvey S. Minton, Minton & Leslie, Columbus, Ohio, Counsel for Cardinal Industries of Georgia, Inc.

James H. Bownas, Columbus, Ohio, for Cardinal Industries Services Corp. and Cardinal Industries Mortg. Co.

Thomas R. Noland, Altick & Corwin, Dayton, Ohio, for Cardinal Partnership Corp. and Cardinal Partner Corp.

## OPINION AND ORDER ON MOTION TO EXCUSE COMPLIANCE WITH 11 U.S.C. § 543

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on a motion to excuse a state court appointed receiver from complying with the turnover provisions of § 543 of the Bankruptcy Code. The motion was filed on behalf of Goldome Realty Credit Corp. ("Goldome"). The Chapter 11 debtor, Northgate Terrace Apartments, Ltd. ("Northgate"), opposed the relief sought by Goldome and the matter was heard by the Court.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and (O) which this Court may hear and determine.

## FINDINGS OF FACT

1. On or about November 22, 1983, Northgate executed and delivered to Goldome a promissory note in the original principal amount of $1,296,000. Repayment of that note was secured by a mortgage against the apartment complex in Bay County, Florida (the "Property") owned and operated by Northgate.

2. In 1989 Northgate defaulted in payments of interest required under the terms and conditions of the promissory note.

3. After Northgate's default, Goldome commenced a state foreclosure action and requested the appointment of a receiver for the Property. On or about August 4, 1989, John Davidson Realty, Inc., was appointed as receiver (the "Receiver") by the state court in Bay County, Florida.

4. On or about November 16, 1989, the Florida court entered a Final Default Judgment of Foreclosure and scheduled a foreclosure sale of the Property for January 12, 1990.

5. On January 11, 1990 Northgate filed its voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code.

6. Prior to the appointment of the Receiver by the Florida court the Property was managed by Cardinal Apartment Management Group, Inc. ("CAMG"), a wholly owned subsidiary of the general partner, Cardinal Industries, Inc.

7. CAMG failed to pay the real property taxes for 1988 for the Property. This failure caused the state of Florida to sell a tax certificate in respect of the Property. Goldome caused those taxes to be paid by the Receiver to maintain the priority of its mortgage lien.

8. The Receiver has retained CAMG as the on site manager of the Property.

9. The current occupancy rate of the Property of 94% is expected to rise during the summer months.

10. During the time period beginning with the appointment of the Receiver on or about August 4, 1989 and ending with the date of the hearing on this matter on March 26, 1990, the Receiver accumulated cash in excess of funds needed to operate the business. That cash surplus totals between $39,000 and $41,000.

11. In February, 1990, the Receiver made a payment to Goldome in the amount of $20,000. Authorization for that payment was not sought from this Court.

## ISSUES

Two issues are before the Court for decision in this matter. First, whether the Court, under the mandatory language of 11 U.S.C. § 543(d)(2), must excuse the Receiver from complying with the turnover provisions of 11 U.S.C. § 543(b). Second, whether this Court in the exercise of its discretion under 11 U.S.C. § 543(d)(1) should excuse the Receiver from turning over the Property to Northgate as required by § 543(b).

## DISCUSSION

A. *Mandatory Excuse Under 11 U.S.C. § 543(d)(2).*

 The commencement of a case under Chapter 11 of the Bankruptcy Code requires any custodian appointed by a state court to manage a debtor's property, upon receipt of knowledge of the commencement of a bankruptcy case by the debtor, to cease disbursement of funds derived from that property except for expenditures necessary to preserve the property. The property must be delivered to the representative of the bankruptcy estate along with an accounting. 11 U.S.C. § 543(a), (b); Bankruptcy Rule 6002. Generally, a state court receivership is terminated upon a bankruptcy filing by the owner of the property. There are, however, two exceptions to that general rule. One of those exceptions provides:

(d) After notice and hearing, the bankruptcy court—

 * * * * * *

(2) shall excuse compliance with subsections (a) and (b)(1) of this section if the custodian is an assignee for the benefit of the debtor's creditors that was appointed or took possession more than 120 days before the date of the filing of the petition, unless compliance with such subsections is necessary to prevent fraud or injustice.

11 U.S.C. § 543(d)(2).

 At the hearing of this matter Goldome asserted for the first time that this Court is required to retain the Receiver. Implicit within that argument under § 543(d)(2) is the assumption that a state court appointed receiver, who is a custodian pursuant to 11 U.S.C. § 101(10), is also an assignee for the benefit of the debtor's creditors. If the Receiver is such an assignee, the Receiver must be kept in possession of the property because the appointment occurred more than 120 days prior to the filing of Northgate's Chapter 11 petition.

 Case law indicates, however, that a state court receiver generally is not an "assignee for the benefit of the debtor's creditors." Rather, an assignee for the benefit of creditors is one to whom a debtor voluntarily assigns its property to be administered for the benefit of its creditors. *In re Sundance Corp.,* 83 B.R. 746, 748 (Bankr.D.Mont.1988).

Florida statutory and case law is in accord with this general rule. The Second District Court of Appeals of Florida, in construing credit transactions in light of Chapter 727 of the Florida Statutes stated that "[a]n assignment for the benefit of creditors made under Chapter 727 ... is purely a *voluntary* action of the debtor...." *Kitchens v. Kitchens,* 142 So.2d 343, 345 (1962) (emphasis added). *See also Dorr v. Schmidt & Ziegler,* 38 Fla. 354, 21 So. 279 (1896).

Under 11 U.S.C. § 543(d)(2), Congress also did not determine that a receiver was the same as an assignee for the benefit of creditors. Rather, the definition of a custodian explicitly includes both a receiver and an assignee for the benefit of creditors. *See* 11 U.S.C. § 101(10); *Sundance,* 83 B.R. at 749.

The Receiver appointed by the Florida court to manage Northgate's property was not appointed at Northgate's request or with its specific consent. Accordingly, the Receiver is not an assignee for the benefit

of creditors under either Florida law or the Bankruptcy Code. Further, Northgate's failure to actively oppose Goldome's motion seeking the receiver's appointment does not indicate consent in the circumstances of this case. Therefore, retention of the Receiver pursuant to § 543(d)(2) is not mandatory and Goldome's argument in that regard is without merit.

### B. *Discretionary Excuse Under 11 U.S.C. § 543(d)(1).*

Even if retention of the Receiver is not mandated by § 543(d)(2), the Court may excuse the Receiver from complying with the turnover provisions of § 543. The statutory test pursuant to which the Court may exercise its discretion to excuse compliance is set forth in § 543(d)(1). That section states:

> (d) After notice and hearing, the bankruptcy court—
>
>> (1) may excuse compliance with subsection (a), (b) or (c) of this section, if the interest of creditors and, if the debtor is not insolvent, of equity security holders would be better served by permitting a custodian to continue in possession, custody, or control of such property, ...

11 U.S.C. § 543(d)(1).

■ The evidence in this matter indicates that Northgate is insolvent. Therefore, under § 543(d)(1), the Court's inquiry is limited to the interest of creditors. Because the Bankruptcy Code. contemplates turnover, Goldome, as the party seeking relief, has the burden of all issues relating to that affirmative relief.

■ In analyzing creditors' interests, the Court will examine the likelihood of a reorganization, the probability that funds required for reorganization will be available, whether there are instances of mismanagement by the debtor, and whether turnover would be injurious to creditors. *In re Poplar Springs Apts. of Atlanta, Ltd.,* 103 B.R. 146, 150 (Bankr.S.D.Ohio 1989), *citing, First Nat'l Bank v. Powers Aero Marine Service (In re Powers Aero Marine Service),* 42 B.R. 540 (Bankr.S.D.Tex.1989).

The likelihood of reorganization and the existence of income sufficient to make a reorganization possible cannot be determined in this case where the Receiver's presence has essentially deprived Northgate of access to some of the information required to make such a showing. Preliminary data, however, indicate that reorganization may not occur without the infusion of new capital. However, postpetition daily operation on site continues to be ·performed by the entity previously selected by Northgate and no instances of its mismanagement appear in the record.

It is undisputed that the Receiver has made at least one payment to Goldome during ·the pendency of this bankruptcy case. That payment was not authorized under 11 U.S.C. § 543(c) or under any order of this Court. Therefore, the interest of all prepetition creditors, rather than the narrower interest of Goldome, might be better served by removing the Receiver and permitting the case to go forward as contemplated by Chapter 11 of the Bankruptcy Code. Because the financial data in this case makes the possibility of reorganization somewhat problematic, however, the length of time this case should be permitted to pend before other action may be warranted will be somewhat abbreviated.

■ The existence of prepetition defaults in payment to a lender which occurred prior to any action by the lender to secure possession of future rents pursuant to a rent assignment is not sufficient to entitle a receiver to ignore the mandate of § 543(a) of the Bankruptcy Code and refuse to turn over a debtor's property. Further, the evidence indicates that separate segregated accounts have been established by Northgate for the receipt of rental income, Northgate intends to comply .with all reporting requirements imposed by the United States Trustee, and CAMG, the management company previously selected by Northgate to manage its Property, continues to manage the day-to-day operations of the Property in a manner which is acceptable to all parties.

The turnover provisions of 11 U.S.C. § 543 are part of the statutory expression

of the Congressional preference that a Chapter 11 debtor be permitted to operate and control its business during the reorganization process. Moreover, that operation is for the benefit of all constituencies and is not solely for the benefit of the lender holding the primary mortgage against the debtor's property. "[G]enerally the basic equities would favor a debtor or debtor in possession. If nothing more, a substantial weight is added to the debtor's burden of attempting to reorganize and promulgate an acceptable plan of reorganization if the debtor cannot have access to all of its assets during its initial breathing spell." *In re KCC–FUND V, LTD.*, 96 B.R. 237, 239–240 (Bankr.W.D.Mo.1989).

The statute contemplates that property being managed by a receiver will be returned to the representative of the estate upon the commencement of a bankruptcy case by the owner. Excuse from this statutory mandate requires Goldome to show that the interests of all creditors are better served if the Receiver is kept in place. Absent a bad faith filing lacking any possibility of reorganization, the presence of grossly inept management of the Property, or fraudulent behavior, that burden will be hard to sustain. Under the facts of this case, that burden was not met. On balance the Court believes that removal of the Receiver may aid the reorganization effort and should not harm creditors.

### CONCLUSION

Based upon the foregoing, the Court finds that Goldome's motion seeking to have the Court excuse the Receiver from complying with the turnover provisions of 11 U.S.C. § 543 shall be, and the same hereby is, denied.

IT IS SO ORDERED.