**In the Matter of RIMSAT, LTD., Debtor.**

**Bankruptcy No. 95–10120.**

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

Jan. 24, 1996.

Jack Roebel, Fort Wayne, IN, Robert Beckman, Washington, DC, for Hilliard.

Grant Shipley, Fort Wayne, IN, for Kauthar Sdn. Dht.

Mark A. Warsco, Fort Wayne, IN, for trustee.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

This case began with an involuntary petition for relief under Chapter 11 of the United States Bankruptcy Code, filed soon after Carl B. Hilliard, Jr. was appointed receiver for the debtor by the High Court of Justice for the Federation of St. Christopher and Nevis. On February 3, 1995, the court denied the receiver's motion, filed pursuant to § 305, to dismiss the case or abstain from it. The involuntary petition was subsequently granted, relief ordered under Chapter 11, and Mr. Paul Underwood is currently serving as the Chapter 11 Trustee.

The matter is before the court with regard to the receiver's motion to dismiss, which has been filed pursuant to § 1112(b) of the United States Bankruptcy Code.[1] The merits of the motion are not before the court. Instead, the issue presently before it concerns whether or not a pre-petition receiver has standing to seek conversion or dismissal under § 1112(b). This question has been submitted to the court for a decision following a hearing and the submission of briefs from counsel.

■ "[F]ederal courts must satisfy themselves as to a party's standing whether or not such an issue has been raised by any of the litigants." *In re Dien Host, Inc.*, 835 F.2d 402, 404 (1st Cir.1987). In considering the question of standing, "[t]he focus is on the party, not the claim itself. The requirement of standing focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated." *In re Dykes*, 10 F.3d 184, 188 (3rd Cir.1993) (*quoting Flast v. Cohen*, 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968)) (internal quotations and citations omitted). Such an inquiry is particularly appropriate in bankruptcy proceedings. As the Seventh Circuit has observed, "limits on standing are vital in bankruptcy, where clouds of persons indirectly affected by the acts and entitlements of others may buzz about, delaying final resolution of cases." *Matter of Deist Forest Products, Inc.*, 850 F.2d 340, 341 (7th Cir.1988). *See also Matter of DuPage Boiler Works, Inc.*, 965 F.2d 296, 297 (7th Cir.1992), *cert. denied, Scherl v. Fisher*, 506 U.S. 954, 113 S.Ct. 409, 121 L.Ed.2d 334 (1992).

■ In support of the argument that a pre-petition receiver has standing to seek conversion or dismissal under § 1112(b), Mr. Hilliard contends that the receiver is a party in interest. *See* 11 U.S.C. § 1109(b). Thus, he argues the receiver "may raise and may appear and be heard on any issues in a case under [Chapter 11]." 11 U.S.C. § 1109(b).

■ Section 1109(b) does not specifically define who it is that may be a party in interest with regard to Chapter 11 cases. It does, however, give illustrative examples which include the debtor, the bankruptcy trustee, committees, creditors, and equity security holders of the debtor. A pre-petition receiver or custodian, *see* 11 U.S.C. § 101(11), is not included. Given the illustrative nature of the list contained in § 1109(b), a receiver's exclusion from it is not necessarily determinative of the issue. *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 849 (Bankr. S.D.N.Y.1989). Nonetheless, since Congress was well-aware that bankruptcy proceedings could be initiated following the appointment of a custodian, *see* 11 U.S.C. § 303(h)(2), and specifically identified the rights and obligations of such an entity, *see* 11 U.S.C. § 543, the omission seems significant.

■ This significance is enhanced when one compares the rights or interests of the entities identified in § 1109(b) with the rights of a pre-petition receiver. Such an appointment does not deprive the debtor of its ownership of the property over which the receiver is given authority and the receiver does not generally take title to that property. Instead, it is the receiver's duty to preserve the property for the benefit of those ultimately determined to be entitled to it. *See Matter of Willows of Coventry, Ltd. Partnership*, 154 B.R. 959, 962 (Bankr.N.D.Ind.1993). The entities listed in § 1109(b) have very different interests in the bankruptcy proceeding and the assets subject to it. The interest of the debtor is obvious. It is the entity subject to the proceeding and the owner of the assets. In one fashion or another, creditors and equity security holders have a claim upon these assets, whether on account of a pre-petition debt or some type of ownership interest, which may be altered or restructured in the reorganization process. The committees are those organized under the auspices of the Bankruptcy Code to speak for their creditor or equity security holder constituents and the trustee is the one

---

1. To the extent the present motion is also premised upon § 305 of the Bankruptcy Code, it was denied by the court's order of October 6, 1995, based upon the proposition that it was barred by the doctrines of res judicata and/or collateral estoppel. This decision was recently affirmed by the District Court. *See Hilliard v. Underwood*, (N.D.Ind. Case No. 1:95cv371, Jan. 12, 1996).

charged with the administration of case and the bankruptcy estate.

■ "The reorganization of a corporation in bankruptcy is a matter between the corporation and its stockholders on the one hand, and its creditors on the other." *In re South State Street Bldg. Corp.,* 140 F.2d 363, 366 (7th Cir.1943), *cert. denied, Hofheimer v. Gold,* 322 U.S. 761, 64 S.Ct. 1279, 88 L.Ed. 1588 (1944). The term "party in interest" should be interpreted against this background. *See Ionosphere Clubs,* 101 B.R. at 849; *In re Addison Community Hospital Authority,* 175 B.R. 646, 650 (Bankr. E.D.Mich.1994). Consequently, to qualify as a party in interest requires more than merely being interested in the outcome of the bankruptcy. It requires a direct legal interest in the case. *Addison Community Hosp.,* 175 B.R. at 650; *In re International Oriental Rug Center, Inc.,* 165 B.R. 436, 440 (Bankr.N.D.Ill.1994). Given this prerequisite, it is doubtful that a pre-petition receiver qualifies as a party in interest. The receiver has no rights in or claim to the debtor's assets to be adjusted or restructured by the proceeding.

■ This court's suspicion that a pre-petition receiver is not a party in interest is reinforced when one considers the impact of a bankruptcy proceeding on a pre-petition receivership and the receiver/custodian's resulting obligations. The statutory directive is to cease administration, 11 U.S.C. § 543(a), deliver property to the trustee, 11 U.S.C. § 543(b)(1), and account for all property, 11 U.S.C. § 543(b)(2). The import of § 543 is clear. Whether characterized as having been superseded, *In re 245 Associates, LLC,* 188 B.R. 743, 748 (Bankr.S.D.N.Y.1995); *In re Dressler Producing Corp.,* 262 F. 257, 260 (2d Cir.1919), terminated, *In re Northgate Terrace Apartments, Ltd.,* 117 B.R. 328, 331 (Bankr.S.D.Ohio 1990), deactivated, *In re Dill,* 163 B.R. 221, 225 (E.D.N.Y.1994), or devoid of power, *In re Broadmoor Enterprises Corp.,* 84 Misc.2d 120, 374 N.Y.S.2d 1013, 1016 (N.Y.Sup.1975), the conclusion is the same. The receivership is effectively over and done with; it has come to an end. Control over and decisions concerning the receivership's assets "become the domain of the bankruptcy court", *In re Sundance Corp., Inc.,* 149 B.R. 641 (Bankr.E.D.Wash.1993), and its authority is "paramount and exclusive." *Taylor v. Sternberg,* 293 U.S. 470, 472, 55 S.Ct. 260, 261, 79 L.Ed. 599 (1935); *In re Cook,* 101 F.2d 394, 398 (7th Cir.1938), *cert. denied, Fahey v. Cook,* 306 U.S. 642, 59 S.Ct. 583, 83 L.Ed. 1042 (1939). Nothing remains for the pre-petition receiver to do except to comply with § 543. While it may have the opportunity to seek to be relieved of those obligations either directly, through § 543(d), or indirectly, through § 305, if those efforts are not successful, the custodian's only remaining option is compliance. To allow anything more, under the rubric of a party in interest, would be to continue to recognize an entity which effectively should no longer exist and which is supposed to have ceased to function. In light of the foregoing, this court concludes that a pre-petition receiver, who has not been relieved of the obligation to comply with § 543, is not a party in interest.[2] *Matter of Property Management & Investments, Inc.,* 17 B.R. 728, 730 (Bankr.M.D.Fla.1982); *but see Matter of Ofty Corp.,* 44 B.R. 479, 482 (Bankr.D.Del. 1984).

■ Even if a pre-petition receiver would be a party in interest within the scope of § 1109(b), this is not enough to give him standing, under § 1112(b), to seek conversion or dismissal of this case. "To have standing to invoke a statute, you must be one of the persons whom the statute is intended to protect." *Matter of James Wilson Associates,* 965 F.2d 160, 168 (7th Cir.1992). As noted by the Seventh Circuit:

[W]e do not think that [§ 1109(b)] was intended to waive other limitations on standing, such as that the claimant be within the class of intended beneficiaries of the statute that he is relying on for his

---

2. "Once excused from compliance and allowed to remain in possession, a custodian is in the same fiduciary capacity as a trustee or a debtor-in-possession", *In re Posadas Associates,* 127 B.R. 278, 281 (Bankr.D.N.M.1991), and subject to the control and supervision of the bankruptcy court. *Id.; In re Uno Broadcasting Corp.,* 167 B.R. 189, 201 (Bankr.D.Ariz.1994); *245 Associates,* 188 B.R. at 748. As such, the excused custodian would be a party in interest.

claim, although a literal reading of section 1109(b) would support such an interpretation. We think all the section means is that anyone who has a legally protected interest that could be affected by a bankruptcy proceeding is entitled to assert that interest with respect to any issue to which it pertains.... *James Wilson Associates,* 965 F.2d at 169.

Consequently, the right to appear and be heard is not the same as standing and § 1109(b) does not necessarily mean that every party in interest can seek relief on every issue. *In re Southwest Equipment Rental,* 152 B.R. 207, 209 (Bankr.E.D.Tenn.1992).

Before the court may properly entertain the receiver's motion, he must, in some way, bring himself within the scope of the interests protected by § 1112(b). In an effort to do so, the receiver advances two arguments. First, he relies upon his right or responsibility, as a pre-petition receiver, "to receive and manage" debtor's assets. *Transcript of hearing held on October 2, 1995,* p. 43, ln. 23–25. In view of the clear commandments of § 543(a) & (b), the receiver has no such right. Furthermore, to the extent it may exist, that opportunity is recognized and protected through § 543(d), by which the pre-petition custodian may seek to be excused from complying with the obligations § 543 otherwise imposes upon it.[3]

■ The second argument the receiver advances in support of his standing to bring the present motion is also premised upon his obligations as a receiver. Mr. Hilliard argues that, as receiver, he has an obligation "to find a way to protect the interests of creditors." *Transcript* p. 45, ln. 10–12. In other words, Mr. Hilliard is not trying to protect any interest unique to the receiver but, rather, the derivative rights of the creditors of Rimsat, Ltd. *Transcipt* p. 45, ln. 18–22. This is not sufficient. A party's desire to protect the rights of others does not permit the court to adjudicate a claim. *Deist Forest Products,* 850 F.2d at 341. *See also*

*Matter of Andreuccetti,* 975 F.2d 413, 420 (7th Cir.1992).

The only arguments advanced in support of the receiver's standing to seek conversion or dismissal of this case are rights which no longer exist or his desire to protect the interests of others. He has not identified any legally protectable interest of his own. Given this, even if a pre-petition custodian could be a party in interest within the scope of § 1109(b), movant has failed to demonstrate that he is one of the persons whom § 1112(b) was intended to protect. Thus, the receiver lacks standing to seek conversion or dismissal of the case.

The motion will be denied. An order doing so will be entered.

---

3. Not only has Mr. Hilliard never sought to be excused from compliance with any portion of § 543, but the court also notes that, by a judgment entered on September 27, 1995, he was, in essence, ordered to fulfill the obligations imposed upon him by § 543(b). The decision doing so was recently affirmed by the District Court. *See Hilliard v. Underwood,* (N.D.Ind. 1:95cv367, January 12, 1996).