L. B. COX, Jr. and Mary L. Graham, Appellants,

v.

Alfred E. GUTMAN et al., Appellees.

No. 6754.

Court of Civil Appeals of Texas, El Paso.

Dec. 29, 1978.

Rehearing Denied Jan. 17, 1979.

Ray, Anderson, Shields, Trotti & Hemphill, P. C., Ross H. Hemphill, Dallas, for appellants.

Thompson & Knight, A. Walter Socolow, Jerry P. Jones, James C. Morriss, III, Stras-

burger & Price, Jeffrey S. Osgood, Dallas, Lynch, Chappell, Allday & Aldridge, Randall Lundy, Midland, Jack T. Akin, Dallas, Stubbeman, McRae, Sealy, Laughlin & Browder, W. B. Browder, Jr., Harrell Feldt, David K. Brooks, Midland, for appellees.

## OPINION

WARD, Justice.

This oil and gas case concerns the title to a royalty interest amounting to approximately ¼th of the ⅛th royalty from certain lands in Ward County. The Plaintiffs claim as successors to the grantee of a receiver's deed, and the construction and the effect of that deed is the issue. All claimants filed motions for summary judgment based on stipulated facts. The trial Court denied the Plaintiffs' motion for summary judgment, entered a take nothing judgment as to the Plaintiffs, granted the claimants/Defendants' motions for summary judgment, and decreed that the royalty interest vested in those Defendants. We affirm the judgment of the trial Court.

The Delmore Corporation is the common source of title. In 1932, that Company was placed in receivership in the 44th District Court of Dallas County, and J. L. Lattimore was appointed receiver. As the result of a judicial sale, he executed a receiver's deed on February 23, 1933 to A. E. Cox. The two Plaintiffs, L. B. Cox, Jr. and Mary L. Graham, are the successors in interest to A. E. Cox and make their claim to the disputed royalty interest under this deed. Pursuant to another judicial sale, the receiver executed a second deed on October 23, 1933 to Max Gutman. The Defendants/claimants are the successors in interest of Gutman and claim under this last deed.

On August 10, 1928, the Delmore Corporation executed what is termed a permanent oil and gas lease to Magnolia Petroleum Company, which provided that, in the event of production, a royalty of the value of ⅛th of all oil, gas, and other minerals would be payable to the grantor. Certain royalty conveyances to parties not involved in the present controversy were thereafter made by the Delmore Corporation so that

by March 29, 1930, the Corporation owned a royalty interest in the property in controversy greater than ½ of ⅛th royalty, but less than the entire ⅛th royalty. On that date, Delmore Corporation executed a deed of trust covering the property in favor of L. B. Cox, Trustee for A. E. Cox, the instrument excepting from its terms an undivided ½ interest in all oil, gas, and other minerals in and under said lands, including ½ of all royalties under and by virtue of any and all leases then in force, the instrument in effect conveying to the Trustee a ½ of ⅛th royalty interest in the property. Two years later, on March 29, 1932, following other conveyances of certain royalty interest to parties not involved, Delmore Corporation executed a deed conveying all of its remaining royalty interest in the described property to Lyle Saxon. This is the interest in controversy and amounted to about ¼th of ⅛th royalty. On April 11, 1932, the Delmore Corporation was placed in receivership in the 44th District Court of Dallas County. During the pendency of the receivership, A. E. Cox filed suit in the 40th District Court of Ellis County against the Delmore Corporation, John L. Lattimore, the receiver, and various other parties. Lyle Saxon intervened in that lawsuit. On December 20, 1932, after jury trial, a judgment was entered in favor of A. E. Cox whereby he recovered, among other things, $26,193.23 from the defendant Delmore Corporation, together with foreclosure against said defendants and the intervenor, Lyle Saxon, of the plaintiff's deed of trust lien, the lien on the real estate described excepting therefrom the following:

"* * * except an undivided one-half interest in and to all oil and gas and other minerals in and under said lands including an undivided one-half of all royalties under and by virtue of any and all leases and grants on any and all of said lands * * *. It is intended that hereby a lien is established and foreclosure decreed on all lands, or interest therein, conveyed by said deed of trust, but no more, and this foreclosure as against Lyle Saxon, Intervenor, does not

prejudice his interest in any part of the royalty conveyed to him by royalty deed dated March 29, 1932, from defendant Delmore Corporation to Lyle Saxon * * which are not included and conveyed in said deed of trust to L. B. Cox, trustee, but foreclosure is decreed against said Lyle Saxon, Intervenor, for any part of the royalties so conveyed to him, or interest in the above described lands, which is covered and conveyed by said deed of trust * * *."

The effect of the judgment was that it awarded Cox a foreclosure of his deed of trust lien on ½ of ⅛th royalty from the land in controversy. Because of the pendency of the receivership action, the District Court in Ellis County, in lieu of the issuance of an order of sale, certified its judgment to the District Court of Dallas County for enforcement.

A judicial sale was then effected by John L. Lattimore, receiver of Delmore Corporation, to A. E. Cox pursuant to an order of sale from the 44th District Court of Dallas County, dated February 6, 1933. This order of sale of February 6, 1933, directs sale of the "lands described in said judgment of the District Court of Ellis County." This order begins with the recitation of the rendition of the judgment of the District Court of Ellis County and quotes that judgment in full. It then recites the finality of the Ellis County judgment, "that no other creditors and no stockholders are asserting any interest in the lands or personal property described in said judgment." The next paragraph states:

"It is therefore, ordered, adjudged, and decreed that J. L. Lattimore, receiver herein, be and he is hereby authorized and instructed to sell * * * the lands described in the foregoing judgment * * *."

The problem before us is created by the confirmation order of February 23, 1933, and the receiver's deed of the same date. The confirmation order recites that J. L. Lattimore, the receiver, reports the sale to A. E. Cox of the land described in the order of the Court dated February 6, 1933, and

uses the terms, "such sale to convey the fee simple title thereto," and orders that proper conveyance be made of the real property to A. E. Cox, "such conveyance to convey the full fee simple title, to said lands, including all the interest, claim or title of Delmore Corporation and/or said stockholders and creditors * * *." The receiver's deed executed the same day conveys to A. E. Cox the property which is described as tracts of land with no mention made of the oil and gas lease mineral interest or of royalty. It also contains the following phrase:

"By this conveyance it is intended to convey the full fee simple title to said lands including all the interest, claims or titles of Delmore Corporation and/or all its stockholders * * * as well as all claims or interest of all its or their creditors * * *."

We note also that this receiver's deed is without warranty.

On February 23, 1933, the same date as the receiver's deed from the receiver to A. E. Cox, Lyle Saxon, who participated in the receiver sale as attorney for the receiver, executed a quitclaim deed to A. E. Cox covering the tracts of land in question, the deed expressly reserving to Lyle Saxon the ¼th of ⅛th royalty interest involved in the present lawsuit.

Thereafter, on March 9, 1933, Lyle Saxon reconveyed to John L. Lattimore, the receiver, the approximately ¼th of ⅛th royalty interest which is in dispute and which Delmore Corporation had conveyed to Saxon prior to the appointment of the receiver. Thereafter, in October, 1933, the receiver petitioned the Court to sell this royalty interest to Max Gutman for the price of $1,350.45, and thereafter this royalty was sold by the receiver at a second judicial sale on October 23, 1933 to the said Max Gutman. As previously pointed out, the Defendants/claimants are the successors in interest of Mr. Gutman.

 The principal arguments advanced by the Plaintiffs to secure a reversal are twofold. In the first place, they argue that by the order of confirmation of February 23, 1933 and the receiver's deed of that date

to A. E. Cox, the full fee simple title of the property passed, the same in no way being limited to the interest covered by the Cox deed of trust. We do not agree with the Plaintiffs for the reasons to be stated. The Court's order of February 6, 1933 directing the sale is clearly limited to the properties and interest ordered foreclosed by the 40th District Court of Ellis County and was that property and interest originally covered by the deed of trust. That judgment foreclosing the deed of trust applied only to ½ of the ⅛th royalty. Though the order confirming the sale and the receiver's deed speak in terms of the fee simple title to the land, it should have been limited to that which was described in the order of sale. The property in controversy was conveyed by Delmore to Lyle Saxon on March 29, 1932. The receiver was not appointed until later and acquired only the rights possessed by Delmore on the date of his appointment. He acquired no greater interest than the debtor had in the property. *Knox v. Maurer-Krebs Oil Co.*, 171 S.W.2d 544 (Tex.Civ. App.—Eastland 1943, writ ref'd w. o. m.). The jurisdiction of the Court in administering the property of Delmore was confined to the rights and interests of Delmore. The Court lacked the authority to administer the property of Lyle Saxon for he was not a party to the receivership proceeding. *Patten v. Rabinowitz*, 114 S.W.2d 310 (Tex.Civ. App.—Dallas 1938, no writ); *Clow Gasteam Heating Co. v. Hixson*, 67 S.W.2d 619 (Tex. Civ.App.—Dallas 1933, writ dism'd). A grantor cannot convey to a grantee a greater or better title than the grantor holds. *Collum v. Neuhoff*, 507 S.W.2d 920 (Tex. Civ.App.—Dallas 1974, no writ); *Abraham v. Crow*, 382 S.W.2d 756 (Tex.Civ.App.— Amarillo 1964, no writ). All that was conveyed by the receiver to A. E. Cox was the property described in the deed of trust and the judgment of the District Court in Ellis County, as this was the only property that the receiver then held.

The Plaintiffs next argue that when Lyle Saxon conveyed the disputed interest to John L. Lattimore, receiver of the Delmore Corporation, on March 9, 1933, then the doctrine of after-acquired title operated to confer title on their predecessor, A. E. Cox. Again, we do not agree. The receiver's deed refers back to the order of sale entered by the Dallas District Court on February 6, 1933, which specifically limited the interest to be sold to the interest which A. E. Cox had foreclosed. In this situation, the receiver's deed without warranty did not create an estoppel by deed since it specified the source of title or interest that was released to the grantee, and the later acquired title was acquired from a different source. In the present case, that notice was also expressed by the quitclaim deed of the same date as the receiver's deed which Lyle Saxon executed to Cox and which clearly reserved to Saxon the disputed interest. *Wilson v. Wilson*, 118 S.W.2d 403 (Tex.Civ. App.—Beaumont 1938, no writ). See discussion, Hemingway, "After-Acquired Title in Texas," 20 Sw.L.J. 97 at 119 (1966). Further, this was a deed executed by the receiver in a representative capacity. There, the effect of an estoppel by deed is to bind the representative from thereafter asserting against his grantee and those in privity with the latter an interest owned by the representative individually in the land. The receiver never had such an interest of his own. The interest later conveyed to the receiver was to him in his representative capacity, which was in turn later sold by him under proper order and confirmation order to Mr. Gutman. See *Hemingway*, supra, 20 Sw.L.J. 310 at 328.

We have considered all of the Plaintiffs' points and they are overruled. The judgment of the trial Court is affirmed.