**CHITEX COMMUNICATION, INC., Appellant,**

v.

**Cathleen KRAMER, et al., Appellees.**

**No. C–94–37.**

United States District Court,
S.D. Texas,
Corpus Christi Division.

June 22, 1994.

Daniel G. Donovan, Robert Berg, Patterson & Associates, Corpus Christi, TX, for plaintiff.

Harlin C. Womble, Jr., Corpus Christi, TX, Don Raven, Austin, TX, for defendant.

## ORDER ON APPEAL OF DISMISSAL OF CHAPTER 11 BANKRUPTCY

JACK, District Judge.

On this date, came on to be considered Appellant's Appeal from 11 U.S.C. § 305 Dismissal of Voluntary Chapter 11 Bankruptcy.

### I. JURISDICTION

Original jurisdiction is conferred upon this Court pursuant to 28 U.S.C. 1334. Appellate jurisdiction is granted pursuant to 28 U.S.C. 158.

### II. PROCEDURAL & FACTUAL HISTORY

In early 1992, Daniel George Donovan ["Donovan"] filed for divorce from Cathleen Kramer ["Kramer"] in Texas District Court, Denton County, 211th Judicial District. After a lengthy trial, Judge Sam Houston entered a Decree of Divorce on August 27, 1993. The Decree determined and divided the marital assets between the two parties. Judge Houston ruled that Chitex Communications, Inc. ["Chitex"] was a marital asset and appointed Donovan's choice, Norman Fischer ["Fischer"], as receiver for Chitex's corporate assets. Judge Houston ordered that Donovan and Kramer were "divested of all legal right, title and ownership of the stock of the Texas corporation known as Chitex Communications, Inc., including all voting and other rights related thereto." *Donovan v. Kramer*, No. 93–30063–211, slip op. at 29 (Tex. 211th Jud.Dist. Aug. 27, 1993). The Court transferred 100% ownership of shares to the receiver who under the terms of the decree had full authority to manage and act on behalf of Chitex. Furthermore,

Judge Houston issued an injunction enjoining both Kramer and Donovan from "[i]nterfering in any fashion with the authority of this Court to exercise control over the assets, liabilities and records of Chitex." *Donovan*, No. 93–30063–211 at 35. Moreover, the divorce decree listed a number of actions that the receiver could take on behalf of the corporation. *Id.* at 30.

On October 12, 1993, Donovan filed a voluntary Chapter 11 petition on behalf of Chitex in the United States District Court for the Southern District of Texas. Donovan is a licensed attorney. Donovan brought the original cause of action and this appeal in the purported belief that he had authority to do so as Chitex's president and counsel. On November 1, 1993, Donovan filed an Adversary Action (C–94–36) on behalf of Chitex in Federal Bankruptcy Court requesting a Temporary Restraining Order and an Injunction to restrain Fischer and the Appellees from violating the Debtor, Chitex's automatic stay. Judge Richard Schmidt granted the TRO as well as the Adversary Action.

A hearing for the Preliminary Injunction was initially scheduled in Corpus Christi on November 8, 1993 before Judge Schmidt. This hearing, however, was later rescheduled on November 9, 1993 at 9:00 before Judge Karen Brown in Brownsville.

On November 9, 1993, Judge Brown conducted a hearing on the Preliminary Injunction and the Motion to Dismiss. After eight hours of testimony, Judge Brown continued the hearing until November 16, 1993. Judge Brown issued this continuance in large part to enable Donovan to gather any evidence he wished to present before the Court regarding the Motions. Donovan did not appear at the hearing on November 16, 1993 and Judge Brown granted Appellee's Motion to Dismiss with prejudice.

The Bankruptcy record indicates that Chitex has never produced a profit or paid any dividends. Donovan, however, as the managing co-owner, received money and other benefits from Chitex. The record further reveals that during Donovan's management various financial and business irregularities occurred. Although Chitex value has decreased, its assets still exceed its debts.

On December 9, 1993, Donovan filed a Motion for Reconsideration and for Stay on behalf of Chitex in United States District Court. Judge Hayden Head referred the Motion to Judge Schmidt. After an evidentiary hearing, he denied the Motion finding no likelihood of success on appeal.

Donovan appeals the dismissal of the Chapter 11 by the Bankruptcy Court and argues that the Bankruptcy Court misused the Doctrine of Abstention or Dismissal pursuant 11 U.S.C. § 305 in that the interests of the debtor were not served. On June 17, 1994, this Court heard oral arguments and further convened a limited evidentiary hearing for the purpose of determining the status of appeal as it related to the state divorce decree No. 93–30063–211. Donovan stipulated that he had filed neither a supersedeas bond nor a cost bond. Furthermore, Donovan stipulated that he did not have an assigned cause number from any Texas Court of Appeals regarding the divorce decree.

### III. CLAIM FOR MOTION TO DISMISS

In reviewing the record on appeal, this Court finds two reasons that Donovan's petition for bankruptcy on behalf of Chitex must fail. This Court finds that Donovan had no authority with which to file a Chapter 11 petition on behalf of Chitex. Moreover, his bankruptcy filing constituted bad faith since it was done on the eve of Chitex's foreclosure in an effort to evade the state judgment. Further, Donovan as an attorney should have known he was acting without authority.

■ *1) Lack of Authority to File Chapter 11 Petition.* The Supreme Court long ago decided that authority to file a bankruptcy petition is found in state law. *Price v. Gurney,* 324 U.S. 100, 106–07, 65 S.Ct. 513, 516–17, 89 L.Ed. 776 (1945).

■ Therefore, this Court turns to Texas law in order to determine who had authority to file a Chapter 11 petition on behalf of Chitex. Donovan, on behalf of Chitex, filed Chapter 11 bankruptcy proceedings on October 12, 1993. However, Judge Sam Houston on August 27, 1993 had already placed Chitex into receivership pursuant to Donovan's divorce decree. Donovan did not file a super-

sedeas bond as required by the Texas Rules of Appellate Procedure: "[A] judgment debtor may suspend the execution of the judgment by filing a good and sufficient bond." Tex.R.App.P.Ann. r. 47 (West 1993). Moreover, Donovan did not file a cost bond to perfect his appeal of the divorce decree: "Unless excused by law, the appellant shall execute a bond payable to the appellee in the sum of $1000 unless the court fixes a different amount." Tex.R.App.P.Ann. r. 46 (West 1993). *See generally In re Vescovo,* 125 B.R. 468 (Bankr.W.D.Tex.1990) (Discussing the posting of a supersedeas bond with the Texas district court pursuant to Rules 47 and 48). Due to the length of time from the entry of the state judgment on August 27, 1993 to the hearing date of June 17, 1994, it is safe to say no appeal was perfected. At this Court's limited evidentiary hearing, Donovan presented no evidence of a perfected appeal in the divorce action.

Since Donovan made no reasonable effort to perfect his appeal, this Court now turns to address the effect of the state court's creation of a receivership. Texas statutes permit courts to appoint a receiver for corporate assets "which are involved in litigation, whenever circumstances exist deemed by the court to require the appointment of a receiver to conserve such assets and to avoid damage to parties at interest." Tex.Bus.Corp. Act Ann. art. 7.04(A) (West 1980). *See also Id.* art. 7.05. Under the Texas Receivership statute, a receiver can "take charge and keep possession of the property [as well as] perform other acts in regard to the property as authorized by the court." Tex.Civ.Prac. & Rem. § 64.031 (West 1986). In the divorce decree, Judge Houston authorized the receiver to perform a number of managerial acts including "initiation and defese (sic) of litigation." *Donovan,* No. 93–30063–211 at 30.

■ Texas state courts have not directly addressed the issue of whether the company president of a corporation in receivership has authority to file a bankruptcy proceeding in federal court on behalf of the corporation. Although Donovan argues that the divorce decree did not remove him as a director or officer of Chitex, it is axiomatic that a decree that vests 100% ownership and all rights of

management of a closely held corporation in a receiver constitutes a de facto removal of Donovan from any position of authority. Moreover, Donovan was unable to produce before this Court any authority to demonstrate that a nonshareholder president of a closely held corporation has the authority to place the corporation into bankruptcy without the joinder of the receiver.

The president of an insolvent corporation had no authority to affect the corporation's property interests once a state court had placed it into receivership. "For all practical purposes, the authority of the officers of the corporation had been entirely superseded by that of the court, so far as the company's assets were concerned." *Murphy v. Argonaut Oil Co.*, 23 S.W.2d 339, 342 (Tex.1930). Furthermore, Texas law asserts that the receiver has the full rights that the corporation had. *Cox v. Gutman*, 575 S.W.2d 661 (Tex. Civ.App. El Paso 1978); *Salgo v. Matthews*, 497 S.W.2d 620 (Tex.Civ.App. Dallas 1973); *Wheeler v. American Nat'l Bank of Beaumont*, 338 S.W.2d 486 (Tex.Civ.App. Beaumont 1960); *Shaw v. Borchers*, 46 S.W.2d 967 (Tex.1932).

Thus, under the divorce decree, the receiver had full rights to control the company. Although the receiver had no more authority or power than Donovan did before the divorce decree, he did acquire Donovan's entire interest in Chitex. *Cox*, 575 S.W.2d at 664. In an action arising out of a proxy contest, the Court of Appeals stated that "the shares are 'held by' the receiver to the same extent that legal title would be held by the corporate stockholder in the absence of a receivership." *Salgo*, 497 S.W.2d at 630. Therefore, only Fischer had the authority to place Chitex into bankruptcy.

■ In an action brought by the SEC, the Fifth Circuit ruled that the receiver stands "in the shoes of management." *SEC v. Spence & Green Chem. Co.* 612 F.2d 896, 903 (5th Cir.1980). Thus, the president and controlling shareholder had no standing to appeal a suit against the corporation since this violated the realm of power appointed to the receiver. Similarly Donovan seeks to bring a lawsuit on behalf of Chitex in spite of the fact that Judge Houston stripped Donovan and

his wife of all ownership of this closely held corporation. Lastly, principles of full faith and credit as well as comity support respecting the state court's non-superseded decree in this situation. *See generally Southerland v. Smith*, 142 B.R. 980 (M.D.Fla.1992) (Court dismissed debtor's adversary proceeding against former wife on the basis of comity regarding state court's jurisdiction of the divorce action). Full faith and credit requires this Court to follow the dictates of a state court judgment which is facially valid. U.S. Const. art. IV, § 1. *See also Midessa Television Co. v. Motion Pictures for Television, Inc.*, 290 F.2d 203 (5th Cir.1961), *cert. denied* 368 U.S. 827, 82 S.Ct. 47, 7 L.Ed.2d 30 (1961).

■ *2) Lack of Good Faith.* Good faith is required in a Chapter 11 filing. *In re Humble Place Joint Venture*, 936 F.2d 814, 816–17 (5th Cir.1991); *Carolin Corp. v. Miller*, 886 F.2d 693 (4th Cir.1989). Donovan's appeal of the dismissal of Chitex's Chapter 11 petition further fails because the very filing lacked good faith. " 'Good faith' implies an honest intent and genuine desire on the part of the petitioner to use the statutory process to effect a plan of reorganization and not merely as a device to serve some sinister or unworthy purpose." *In the Matter of Metropolitan Realty Corp.*, 433 F.2d 676, 678 (5th Cir.1970). A bankruptcy court can dismiss a petition filed in bad faith. *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393 (11th Cir.1988); *In re McCormick Road Assoc.*, 127 B.R. 410 (N.D.Ill.1991).

First, Donovan's initiation of proceedings when he knew or should have known that the divorce decree stripped him of all legal authority regarding Chitex exhibited bad faith. Second, the record itself illustrates that Donovan brought the proceeding in order to controvert the divorce decree.

■ Courts must examine the specific facts in assessing whether a debtor filed for Chapter 11 relief in good faith. *Little Creek Dev. Co v. Commonwealth Mortgage Co.*, 779 F.2d 1068, 1072 (5th Cir.1986). Here the major creditor of Chitex is Donovan's former wife. Further, Donovan failed to file any reorganization plan with his petition and the

record is devoid of any evidence by Donovan of a need to reorganize. In a recent case, the debtor's failure to file a plan for reorganization within a reasonable time period as well as the lack of either any demonstrated need for reorganization or any legitimate reorganization purpose constituted bad faith. Thus, the court prevented the abuse of an automatic stay established under the Bankruptcy Code. *In re William Steiner, Inc.*, 139 B.R. 356, 358 (Bankr.D.Md.1992); *Glassmanor Apartments Ltd v. Corporation Deja Vu*, 34 B.R. 845 (Bankr.D.Md.1983) (Debtor's petition for reorganization in order to stall foreclosure illustrated bad faith).

Therefore, this Court finds that Donovan's attempt to file a Chapter 11 filing on behalf of Chitex constituted bad faith. This Court finds Donovan's action to be vexatious. He misused the judicial process in attempt to controvert the state court's ruling and in an attempt to avoid filing a supersedeas bond in the state action.

## IV. CONCLUSION

Therefore, giving full faith and credit to the non-superseded state court divorce decree, this Court finds that all ownership of Chitex stock and all powers of management were vested in the appointed receiver as of August 27, 1993. Thus, Donovan had no authority to file a Chapter 11 petition on behalf of Chitex six weeks later. This finding of no authority alone warrants dismissal of the Chapter 11 petition by the Bankruptcy Court. Moreover, there is no need to examine Donovan's claim that the Bankruptcy Court inappropriately used the abstention doctrine or dismissal of the original petition in contravention of the interests of the debtor corporation since Chitex was not properly before the Bankruptcy Court. The Bankruptcy Court's Dismissal of the Voluntary Chapter 11 Petition is hereby AFFIRMED AS MODIFIED.

ORDERED.